# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFTERGLOW, LLC, | Case No. 1:19-cv-00535-AWI-BAM |
| Plaintiff, | **PRELIMINARY SCHEDULING ORDER** |
| v. | Claim Construction hearing: April 20, 2020 |
| BRIGHT PATH LIGHTING, INC., | 1:30 pm |
| Defendant. | Dept. 2 (AWI) |

This Court conducted a preliminary scheduling conference on July 30, 2019, in the chambers of United States Magistrate Judge Barbara A. McAuliffe. Plaintiff Afterglow, LLC appeared by telephone by Counsel Robert Van Arnam and Counsel Andrew Shores and in person by Counsel Christopher Lisieski. Defendant Bright Path Lighting, Inc. appeared by telephone by Counsel Christopher Hadley and in person by Counsel Mark Miller.

**A.  Consent To Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Barbara A. McAuliffe, United States Magistrate Judge.

**B.  Claim Construction**

After discussion with counsel and based upon the procedures proposed in the parties' Joint Status Report (Doc. No. 17), the Court **SETS** the following deadlines related to claim construction only:

1. Plaintiff's Disclosure of Asserted Claims
   and Preliminary Infringement Contentions
   (including associated document production):        August 23, 2019

2. Defendant's Preliminary Invalidity Contentions
   (including associated document production):        October 8, 2019

1

| | | |
|---|---|---|
| 3. | Parties Exchange Identification of Claim Terms for Construction and Preliminary Claim Constructions (including citation to and production of associated extrinsic evidence): | October 21, 2019 |
| 4. | Parties Exchange Responsive Claim Constructions (including citation to and production of associated extrinsic evidence): | November 12, 2019 |
| 5. | Parties File Joint Claim Construction Statement: | December 9, 2019 |
| 6. | Claim Construction Discovery Deadline: | February 6, 2020 |
| 7. | Parties File Opening Claim Construction Briefs: | February 28, 2020 |
| 8. | Parties File Responsive Claim Construction Briefs: | March 20, 2020 |
| 9. | Parties File Reply Claim Construction Briefs: | April 3, 2020 |
| 10. | Claim Construction Hearing: | **April 20, 2020**<br>Time: 1:30 p.m.<br>Dept: 2 (AWI) |

The parties are advised that compliance with the claim construction discovery deadline set forth above requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time. A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

The parties are directed to file a Joint Status Report following the Court's claim construction ruling stating their readiness for further scheduling.

**C.  Non-Dispositive Motions**

It is anticipated that the parties may conduct discovery during the pendency of claim construction and the scope of discovery shall be as set forth in Federal Rule of Civil Procedure 26(b)(1). Non-dispositive motions, including motions to compel, are heard on Fridays at 9:00 a.m. before the Honorable Barbara A. McAuliffe, United States Magistrate Judge, in Courtroom 8. Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251. Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice

and dropped from calendar.  In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one **telephonic or in person conference** as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention.  The parties are further cautioned that boilerplate objections to written discovery will be summarily denied.

Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil Procedure governing noticed motions to compel.  The procedures for requesting an informal telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the Court's website, http://www.caed.uscourts.gov.  If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559) 499-5788.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages.  These page limitations do not include exhibits.  Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue non-dispositive motions before Judge McAuliffe by telephone by dialing the court's teleconference line at (877) 411-9748 and entering Access Code 3190866, provided they indicate their intent to appear telephonically on their pleadings or by email to evaldez@caed.uscourts.gov at least one week prior to the hearing.

D.     **Settlement Conference**

A Settlement Conference has not been scheduled.  The parties are advised to contact the Court if they determine that a settlement conference would be beneficial.  If a settlement conference is set, the parties are advised that unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**E.     Effect of this Order**

The foregoing order represents the best estimate of the Court and the parties as to the agenda most suitable for this case. Requests to alter the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order may result in the imposition of sanctions, including but not limited to, dismissal of this action.

IT IS SO ORDERED.

Dated: **July 31, 2019**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE