Richard T. Matthews (NC Bar No. 32817)
rmatthews@williamsmullen.com
Robert C. Van Arnam (NC Bar No. 28838)
rvanarnam@williamsmullen.com
Andrew R. Shores (NC Bar No. 46600)
ashores@williamsmullen.com
**Williams Mullen**
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4000
Facsimile: (919) 984-4300

Oliver W. Wanger (40331)
owanger@wjhattorneys.com
Christopher A. Lisieski (321862)
clisieski@wjhattorneys.com
**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone:(559) 233-4800
Facsimile: (559) 233-9330

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

AFTERGLOW, LLC,

      Plaintiff,

    v.

BRIGHT PATH LIGHTING, INC.,

      Defendant.

**CASE NO. 1:19-CV-0535-AWI-BAM**

# PROTECTIVE ORDER

The Court recognizes that at least some of the documents, things, and

information being sought through discovery in the above-captioned action are, for

competitive reasons, normally kept confidential by the parties and non-parties from whom discovery may be sought who desires the protection of this Protective Order. The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action. The materials to be exchanged throughout the course of the litigation between the parties and non-parties, may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials during the litigation. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and for good cause, IT IS HEREBY ORDERED THAT:

1. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

## DEFINITIONS

2. The term "Confidential Information" will mean and include information contained or disclosed in any materials, whether produced informally or in response to written discovery requests, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

3. The term "Materials" will include, but is not be limited to: confidential or proprietary technical, scientific, financial, business, health, or medical information; documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

4. The term "Counsel" or "Attorneys" will mean outside counsel of either party, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms.

5. The term "Professional Vendors" mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees and subcontractors.

**GENERAL RULES**

6. Each party or any non-parties to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission,

trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

a. Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

b. Designation as "CONFIDENTIAL – ATTORNEYS EYES ONLY": Any party may designate information as "CONFIDENTIAL - ATTORNEYS EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

7. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL - ATTORNEYS EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those

Materials that contain Confidential Information with the appropriate confidentiality marking.

8.      Materials, documents and things produced or furnished during the course of this action may be designated and marked as containing information which is "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by placing on each page, each document (whether in paper or electronic form), or each thing a legend substantially as follows: CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY.

9.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a.      the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings;  a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action or any non-parties of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY."

b.      the disclosing party will have the right to exclude from attendance at

the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 9 below; and

c.     the originals of the deposition transcripts and all copies of  the deposition must bear the legend     "CONFIDENTIAL"     or "CONFIDENTIAL - ATTORNEYS EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

10.     All Confidential  Information designated  as  "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

11.     Information designated "CONFIDENTIAL - ATTORNEYS EYES ONLY" must be viewed only by:  Counsel (as defined in paragraph 3) of the receiving party; any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document; Professional Vendors; and by independent experts under the conditions set forth in this Paragraph.

12.     The right of any independent expert ("Third-Party Expert") to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court.

a.     Each receiving party's Third-Party Expert shall sign a disclosure agreement in the form attached hereto as **Exhibit A** ("Disclosure Agreement"). Copies of the Disclosure Agreement signed by any person or entity to whom Confidential Information is disclosed shall be provided to the other party promptly after execution by facsimile and overnight mail. No disclosures shall be made to a Third-Party Expert until seven (7) days after the executed Disclosure Agreement is served on the other party.

b.     Before any Confidential Information is disclosed to outside Third-Party Experts, the following information must be provided in writing to the producing party and received no less than seven (7) days before the intended date of disclosure to that outside Third-Party Expert: the identity of that outside Third-Party Expert, business address and/or affiliation and a current curriculum vitae of the Third-Party Expert, and, if not contained in the Third-Party Expert's curriculum vitae, a brief description, including education, present and past employment and general areas of expertise of the Third-Party Expert. If the producing party objects to disclosure of Confidential Information to an outside Third-Party Expert, the producing party shall within seven (7) days of receipt serve written objections identifying the specific basis for the objection, and particularly identifying all information to which disclosure is objected. Failure to

object within seven (7) days shall authorize the disclosure of Confidential Information to the Third-Party Expert. As to any objections, the parties shall attempt in good faith to promptly resolve any objections informally. If the objections cannot be resolved, the party seeking to prevent disclosure of the Confidential Information to the expert shall move within seven (7) days for an Order of the Court preventing the disclosure. The burden of proving that the designation is proper shall be upon the producing party. If no such motion is made within seven (7) days, disclosure to the Third-Party Expert shall be permitted. In the event that objections are made and not resolved informally and a motion is filed, disclosure of Confidential Information to the Third-Party Expert shall not be made except by Order of the Court.

c.    Any disclosure agreement executed by any person affiliated with a party shall be provided to any other party who, based upon a good faith belief that there has been a violation of this order, requests a copy.

d.    No party shall attempt to depose any Third-Party Expert until such time as the Third-Party Expert is designated by the party engaging the Third-Party Expert as a testifying expert. Notwithstanding the preceding sentence, any party may depose a Third-Party Expert as a fact witness provided that the party seeking such deposition has a good faith, demonstrable basis independent of the Disclosure Agreement or the information provided under subparagraph (a) above that such person possesses facts relevant to this action, or facts likely to lead to the discovery of admissible evidence; however, such deposition, if it precedes the designation of such person by the engaging

party as a testifying expert, shall not include any questions regarding the scope or subject matter of the engagement. In addition, if the engaging party chooses not to designate the Third-Party Expert as a testifying expert, the non-engaging party shall be barred from seeking discovery or trial testimony as to the scope or subject matter of the engagement.

13. Information designated "Confidential" must be viewed only by:

a. Counsel of the receiving party;

b. Third-Party Experts (pursuant to the terms of paragraph 12);

c. court personnel;

d. Professional Vendors;

e. any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document; and

f. no more than three (3) designated party executives or technical employees of the receiving party who need to review the information for purposes of the case or for preparation for trial; any such individuals must execute the Disclosure Agreement at Exhibit A and be identified to the other party. Those individuals include those listed in **Exhibit B**.

14. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" by the producing or disclosing party and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party identified in paragraph 3, except that Third-Party

Experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

15.     Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal and comply with Local Rule 141.

16.     At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, to Counsel for the designating party of the objected-to Materials and the grounds for the objection.  The burden of proving that the designation is proper shall be upon the designating party.  If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection, including a statement that the parties conferred on the topic and were unable to reach agreement.  The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

17.     All Confidential Information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable

precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

18.     No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

19.     If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the Materials as confidential, once the designating party so notifies the receiving party.  If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced

Materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER."

20.     Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

21.     No individual (including Counsel, attorneys, agents, paralegals, support staff, and any Third-Party Expert) who receives material designated as "CONFIDENTIAL —ATTORNEYS EYES ONLY" under the terms of this Order that is not publicly known and that relates to the subject matter of a pending patent application or undisclosed invention or photoluminescent method, system, or apparatus, in whole or in part (including without limitation any exit sign or emergency signage products or methods of manufacture), shall prosecute any patent application or participate in the prosecution of any patent application (including but not limited to any division, continuation, continuation-in-part, reissue, reexamination, renewal, extension, or any foreign counterpart) on behalf of the receiving party in the field of photoluminescent signage and pigments including methods of manufacture or production of those products, for any application during this litigation or for any application claiming a priority date earlier than one (1) year after the final conclusion of this litigation, including appeals; provided that nothing in this paragraph shall operate to preclude any such person from fulfilling and/or assisting in the fulfillment of any prior-art disclosure obligations to the United States Patent and Trademark Office ("USPTO")

that may arise as a consequence of knowledge obtained during the course of this litigation.

22.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

23.    Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

24.    At the conclusion of this action, including through all appeals, each party or other person subject to the terms hereof shall be under an obligation to destroy or return to the producing party all Materials and documents containing CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS EYES ONLY and to certify to the producing party such destruction or return.  The written certification must be provided to the producing party no later than sixty (60) days after the final conclusion of this action. Such return or destruction shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this Order.

25.    After this action, Counsel for each party may retain one archive copy of all documents and discovery material even if they contain or reflect another party's CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION –

ATTORNEYS EYES ONLY. Counsel's archive copy shall remain subject to all obligations of this Order.

26.     The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

27.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

28.     The parties hereto also acknowledge that regardless of the producing party's diligence an inadvertent production of attorney-client privileged or attorney work product Materials may occur. In accordance with Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502, they therefore agree that if a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or attorney work product, the producing party may give written notice to the receiving party that the document or thing is subject to a claim of attorney-client privilege or attorney work product and request that the document or thing be returned to the

producing party.  The receiving party shall return to the producing party such document or thing.  Return of the document or thing shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or attorney work product, nor shall it foreclose any party from moving the Court pursuant to Fed. R. Civ. P. 26(b)(5) and Fed. R. Evid. 502 for an Order that such document or thing has been improperly designated or should be produced.

29.     Any third party producing Materials, documents or things or giving testimony in this action pursuant to a subpoena, notice or request may designate said documents, things, or testimony as CONFIDENTIAL or CONFIDENTIAL– ATTORNEYS EYES ONLY.  The parties agree that they will treat CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY produced by third parties according to the terms of this Order.

30.     Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

31.     This Order is without prejudice to the right of any party, person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court.

32.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Dated: October 4, 2019

Respectfully submitted,

Richard T. Matthews (NC Bar No. 32817)
rmatthews@williamsmullen.com
Robert C. Van Arnam (NC Bar No. 28838)
rvanarnam@williamsmullen.com
Andrew R. Shores (NC Bar No. 46600)
ashores@williamsmullen.com
Williams Mullen
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
Telephone: (919) 981-4000
Facsimile: (919) 984-4300

Oliver W. Wanger (40331)
owanger@wjhattorneys.com
Christopher A. Lisieski (321862)
clisieski@wjhattorneys.com
WANGER JONES HELSLEY PC
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

*Attorneys for Plaintiff AfterGlow, LLC*

        MARK D. MILLER (Ca. Bar. No. 116349)
        SIERRA IP LAW, PC
        7030 N. Fruit Ave., Ste. 110
        Fresno, CA 93711
        Telephone: (559) 436-3800
        Facsimile: (559) 436-4800

        Christopher B. Hadley (admitted pro hac vice – Utah Bar No. 14055)
        JONES WALDO HOLBROOK & MCDONOUGH PC
        1441 West Ute. Blvd., Suite 330
        Park City, Utah 84098
        Tel.: (435) 200-0085
        chadley@joneswaldo.com

Eric P. Lee (admitted pro hac vice – Utah Bar No. 4870)
HOGGAN LEE HUTCHINSON
1225 Deer Valley Drive, Suite 201
Park City, Utah 84060
Tel.: (435) 615-2264
Eric@hlhparkcity.com

*Attorneys for Defendant and Counter-Plaintiff*
*BRIGHT PATH LIGHTING, INC., a California Corporation*

# Exhibit A

<u>DISCLOSURE AGREEMENT</u>
<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in **Case No. 1:19-cv-00535-BAM** captioned as ***AfterGlow, LLC., Plaintiff v. Bright Path Lighting, Inc., Defendant***.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

To the extent I have been given access to Confidential Information, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Order to have access to such information, and (b) have executed a Disclosure Agreement.  I will return, on request, all Materials containing Confidential Information, copies thereof and notes that I have prepared relating thereto, to Counsel for the party with whom I am associated.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# Exhibit B

<u>LIST OF DESIGNATED PARTY EXECUTIVES OR TECHNICAL PERSONELL WHO CAN REVIEW "CONFIDENTIAL" MATERIAL FROM THE OTHER PARTY</u>

<u>PLAINTIFF – AFTERGLOW</u>

1. Richard Martin

<u>DEFENDANT – BRIGHTPATH</u>

1. Kach Hovanessian
2. Laura Davis
3. Cindi Hernandez.

# **ORDER**

The Court adopts the stipulated protective order submitted by the parties. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential. Additionally, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedures.

IT IS SO ORDERED.

Dated:   **October 4, 2019**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE